BOOK-OF-THE-MONTH CLUB, INC., APPELLEE, *v.* PORTERFIELD, TAX COMMR., APPELLANT.

(No. 70-469—Decided March 24, 1971.)

*Messrs. Porter, Stanley, Treffinger & Platt, Mr. Edmund D. Doyle, Mr. J. Stephen Van Heyde, Messrs. Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison* and *Mr. James B. Lewis,* for appellee.

*Mr. Paul W. Brown,* attorney general, and *Mr. C. Luther Heckman,* for appellant.

SCHNEIDER, J. The facts of this case were stipulated by counsel and are briefly as follows:

Appellee, Book-Of-The-Month Club, Inc., is a New York corporation with principal offices in New York City. It is not qualified to do business in Ohio. Its nationwide retail sale of books is promoted entirely through newspaper and periodical advertising, and by direct mail circulars. Books are sent to customers by mail, with an invoice for the purchase price. Remittances are made by mail.

The Supreme Court of Illinois held, in *Department of Revenue* v. *National Bellas Hess, Inc.* (1966), 34 Ill. 2d 164,

214 N. E. 2d 755, that the state of Illinois could constitutionally require out-of-state mail order houses, whose methods of operation were similar to those of appellee, to collect Illinois use taxes on sales to residents of Illinois. In July 1966, appellee began to collect from its customers in Ohio amounts equal to the use tax in order to accumulate a reserve fund to be applied in payment of Ohio use taxes if the *National Bellas Hess* decision should be affirmed; the amounts collected to be refunded to its members if that decision should be reversed.

The Supreme Court of the United States, in *National Bellas Hess* v. *Department of Revenue* (1967), 386 U. S. 753, reversed the judgment of the Illinois Supreme Court. Appellee then returned the money collected, except for $650 belonging to customers who could not be located.

During the audit period appellee had no office, no warehouse, no distribution center and no property in Ohio, and no employee, agent, canvasser, solicitor or other representative who functioned in Ohio. Orders were accepted at the appellant's main offices; books and advertising material were prepared outside of Ohio. Certain advertising supplements were delivered by common carrier to Ohio newspaper publishers for normal distribution with their daily papers.

The Tax Commissioner issued an assessment against appellee for the entire amount of use tax collected. This action was based on R. C. 5741.04, which reads, in pertinent part:

"Every *seller engaged in the business of selling* tangible personal property *in this state* for storage, use, or other consumption in this state . . . *shall . . . collect* from the consumer the full and exact amount of the tax . . . ." (Emphasis supplied.)

Appellee's manner of doing business is sufficient under R. C. 5741.01 (H) to classify it as "engaged in the business of selling . . . in this state," since that phrase, as used therein, includes "soliciting business by distribution of catalogs or other advertising matter, or by any means

whatsoever, and by reason thereof, receiving orders for tangible personal property from consumers within this state, irrespective of whether such orders are accepted within or without this state, or whether the seller is qualified to do business in this state.''

The Board of Tax Appeals assessed appellee only the $650 not refunded, taking the position that the use tax assessment was invalid under *National Bellas Hess, supra* (386 U. S. 753), which held:

''The Commerce Clause prohibits a state from imposing the duty of use tax collection and payment upon a seller whose only connection with customers in the state is by common carrier or by mail.''

In arriving at this result, the Supreme Court of the United States discusses and distinguishes fact situations in which the out-of-state seller has been given the protection or services of the taxing state. Where such seller maintains local sales agents, local retail stores or local solicitors, it was held to be subject to the power of the state to enforce collection of the use tax. See *General Trading Co. v. State Tax Comm.* (1944), 322 U. S. 335; *Scripto v. Carson* (1960), 362 U. S. 207.

Where there was not a required ''definite link, some minimum connection, between a state and the person, property, or transaction it seeks to tax,'' the attempt to enforce such use tax collection has been deemed violative of due process guarantees or interstate commerce pre-emption. *Miller Bros. Co. v. Maryland* (1954), 347 U. S. 340.

Since the facts as stipulated in the present case do not show the required link between the out-of-state seller and Ohio, we affirm the decision of the Board of Tax Appeals.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.